## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

ANN C. NELSON,                        )
                                      )
                    Plaintiff,        )
                                      )
v.                                    )    Case No. CIV-13-295-RAW-KEW
                                      )
CAROLYN W. COLVIN, Acting             )
Commissioner of Social                )
Security Administration,              )
                                      )
                    Defendant.        )

## REPORT AND RECOMMENDATION

Plaintiff Ann C. Nelson (the "Claimant") requests judicial
review of the decision of the Commissioner of the Social Security
Administration (the "Commissioner") denying Claimant's application
for disability benefits under the Social Security Act.   Claimant
appeals the decision of the Administrative Law Judge ("ALJ") and
asserts that the Commissioner erred because the ALJ incorrectly
determined that Claimant was not disabled.   For the reasons
discussed below, it is the recommendation of the undersigned that
the Commissioner's decision be AFFIRMED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the
"inability to engage in any substantial gainful activity by reason
of any medically determinable physical or mental impairment. . ."
42 U.S.C. § 423(d)(1)(A).   A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* <u>Williams v. Bowen</u>, 844 F.2d 748, 750-51 (10th Cir. 1988).

standards were applied.  <u>Hawkins v. Chater</u>, 113 F.3d 1162, 1164

(10th Cir. 1997)(citation omitted).  The term "substantial

evidence" has been interpreted by the United States Supreme Court

to require "more than a mere scintilla.  It means such relevant

evidence as a reasonable mind might accept as adequate to support

a conclusion."  <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971)

(quoting <u>Consolidated Edison Co. v. NLRB</u>, 305 U.S. 197, 229

(1938)).  The court may not re-weigh the evidence nor substitute

its discretion for that of the agency.  <u>Casias v. Secretary of

Health & Human Servs.</u>, 933 F.2d 799, 800 (10th Cir. 1991).

Nevertheless, the court must review the record as a whole, and the

"substantiality of the evidence must take into account whatever in

the record fairly detracts from its weight."  <u>Universal Camera

Corp. v. NLRB</u>, 340 U.S. 474, 488 (1951); *see also*, <u>Casias</u>, 933 F.2d

at 800-01.

### Claimant's Background

Claimant was born on April 26, 1952 and was 60 years old at

the time of the ALJ's decision.  Claimant obtained her GED.

Claimant has worked in the past as a daycare attendant and home

attendant.  Claimant alleges an inability to work beginning

December 1, 2009 due to limitations resulting from arthritis and

its associated pain, migraine headaches, and muscle spasms.

## Procedural History

On August 9, 2010, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On April 26, 2012, Claimant appeared by video before ALJ Doug Gabbard, II. On May 24, 2012, the ALJ issued an unfavorable decision. The Appeals Council denied a review of the decision on May 3, 2013. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.984.

## Decision of the Administrative Law Judge

The ALJ made his decision at step four of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she retained the residual functional capacity ("RFC") to perform her past relevant work.

## Errors Alleged for Review

Claimant asserts the ALJ committed error in: (1) engaging in a faulty credibility analysis; (2) reached an RFC which is not supported by substantial evidence; and (3) his step four findings.

## Credibility Analysis

In his decision, the ALJ determined Claimant suffered from the

severe impairments of osteoarthritis and idiopathic polyneuropathy. (Tr. 15). He concluded Claimant retained the RFC to occasionally lift and/or carry 50 pounds, frequently lift and/or carry 25 pounds, stand and/or walk for 6 hours in an 8 hour workday, sit for 6 hours in an 8 hour workday. He concluded that Claimant could perform a full range of medium work. (Tr. 17). Based upon these findings and after consultation with a vocational expert, the ALJ determined Claimant could perform her past relevant work as a daycare worker and home attendant. (Tr. 21).

Claimant contends the ALJ failed to properly evaluate her credibility. The ALJ noted that Claimant testified of back pain since 2002. She also testified of hip, knee, and hand pain as well as neuropathy stemming from hypoglycemia. Claimant stated that she suffered from migraine headaches. The ALJ, however, found Cliamant underwent "no medical treatment during a several year period preceding her alleged onset date" which he found "not consistent with her alleged worsening back pain beginning 2002 through 2009." (Tr. 19). The ALJ also stated that Claimant, who was represented by counsel, did not produce treatment records from a later treatment visit from which the ALJ concluded the records were not important to Claimant's claim. (Tr. 19). The ALJ acknowledged Claimant limited financial situation but noted she could "support

her tobacco habit." The ALJ also found the medical record demonstrated that medical "visits in April and October 2011 do not mention chronic back or neuropathy pain. The record contains no objective evidence to support the claimant's allegation of swelling and knots in her hands described in testimony. The record contains no diagnosis of hypoglycemia. Despite alleging headaches of 3 to 4 a month and cluster headaches, there is only one visit in October 2011 where she reported a headache, related to sinusitis." (Tr. 19). These findings are supported by the medical record. (Tr. 316-18; 320-323).

The fact that Claimant attributes many of the deficiencies in the record to financial instability has not been sufficiently demonstrated. Claimant has not shown that she sought and was refused treatment at any stage of the relevant period. Threet v. Barnhart, 353 F.3d 1185, 1191 n.7 (10th Cir. 2003).

It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id. Factors to be considered in assessing a claimant's credibility

include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. Soc. Sec. R. 96-7p; 1996 WL 374186, 3. An ALJ cannot satisfy his obligation to gauge a claimant's credibility by merely making conclusory findings and must give reasons for the determination based upon specific evidence. Kepler, 68 F.3d at 391. However, it must also be noted that the ALJ is not required to engage in a "formalistic factor-by-factor recitation of the evidence." Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000). The ALJ properly considered the lack of objective medical evidence to support Claimant's subjective assertions of limitation. No error is attributed to his assessment.

## RFC Assessment

Claimant contends the ALJ failed to include limitations related to the severe impairments of osteoarthritis and idiopathic polyneuropathy which he found to be severe impairments. In Claimant's estimation, "[t]he full range of medium work does not correspond to a 60 year old woman that has the severe impairments that the Plaintiff does." Claimant also asserts that ALJ should have included limitations for her migraine headaches in his RFC assessment.

On January 26, 2011, Claimant was evaluated by Dr. Ronald Schatzman. Dr. Schatzman found no point tenderness, peripheral pulses were adequate in all four extremities, no edema, grip strength was 5/5, bilaterally strong and firm. Claimant was able to perform both gross and fine tactile manipulation, finger to thumb opposition was adequate, knees showed no effusion or edema and were stable in all range of motion exercises. Great toe strength was equal bilaterally. Additionally, Claimant's cervical spine was non-tender with full range of motion. The thoracic spine was non-tender with full range of motion. The lumbar-sacral spine was tender with limited range of motion associated with pain and muscle spasms. Straight leg raising was negative bilaterally in both sitting and supine positions. Claimant's gait was safe and

stable with appropriate speed. She used no assistive devices. She had no identifiable muscle atrophy noted. Heel/toe walking was normal. Tandem gait was within normal limits. (Tr. 281).

On March 16, 2011, Dr. David M. Bailey completed a Physical Residual Functional Capacity Assessment form on Claimant. He determined she could occasionally lift/carry 50 pounds, frequently lift/carry 25 pounds, stand/walk about 6 hours in an 8 hour workday, sit about 6 hours in an 8 hour workday, and engage in unlimited pushing and pulling. (Tr. 303). No other limitations were noted.

The ALJ accounted for all of Claimant's medically determinable impairments in his RFC assessment based upon the relevant evidence in the record. 20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2). He properly derived Claimant's abilities despite her limitations. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

As for Claimant's migraine headaches, the fact the condition has been diagnosed does not translate into a disability. *See*, Coleman v. Chater, 58 F.3d 577, 579 (10th Cir. 1995); Bernal v. Bowen, 851 F.2d 297, 301 (10th Cir. 1988). The medical evidence does not demonstrate that Claimant's migraine headaches, if they occurred during the relevant period, restricted her ability to engage in basic work activities. 20 C.F.R. §§ 404.1521, 416.921.

**Step Four Analysis**

Claimant next asserts the ALJ made insufficient findings regarding the limitations of her past relevant work to fulfill his duty under step four. The evaluation at step four has been determined to be comprised of three phases. In the first phase, the ALJ must evaluate a claimant's physical and mental RFC. In the second phase, an ALJ must determine the physical and mental demands of a claimant's past relevant work. In the third and final phase, the ALJ determines whether the claimant has the ability to meet the job demands found in phase two despite the mental and physical limitations found in phase one. Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008)(citations omitted). The ALJ's RFC assessment was properly accomplished. In the second phase, the ALJ properly ascertained the demands of Claimant's past relevant work through the testimony of the vocational expert and by reference to the *Dictionary of Occupational Titles*. (Tr. 21, 59). The third phase was also satisfied through the ALJ's comparison of Claimant's impairments and the demands of her past relevant work. Consequently, the ALJ did not err in his step four analysis.

**Conclusion**

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore,

the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **AFFIRMED**. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 26th day of August, 2014.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE